## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

|  |  |  |
|---|---|---|
| CONNECTED GLOBAL SOLUTIONS, LLC, | ) | **Redacted Version** |
| | ) | **9.8.2022** |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN ROLL-ON ROLL-OFF | ) | |
| CARRIER GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-292C |
| | ) | (Judge Tapp) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HOMESAFE ALLIANCE, LLC, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

---

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

---

OF COUNSEL:

ERIKA WHELAN RETTA
Chief, Bid Protests
AARON WEAVER
Trial Attorney
Commercial Litigation Field Support Center,
The Judge Advocate General's Corps,
United States Air Force
1500 W Perimeter Road, Ste 4100
Joint Base Andrews, MD 20762

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA MCCARTHY
Director

DOUGLAS K. MICKLE
Assistant Director

Of Counsel:
ROBERT J. DEPKE
TODD P. FEDERICI
ADAM J. KOUDELKA
PETER B. RIES
Attorney-Advisors
Office of the Staff Judge Advocate
United States Transportation Command

ELIZABETH ANNE SPECK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 307-0369
Facsimile:  (202) 514-7965

OF COUNSEL:
MILES K. KARSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Dated:  August 11, 2022

Attorneys for Defendant

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................1

I.   CGSL Has Identified No Reason To Set Aside USTC's Rational Award
     To HSA ....................................................................................................1

     A.  USTC Explained Why It Elected To Perform A New Technical
         Evaluation ........................................................................................1

     B.  CGSL Identifies No Error In USTC's Evaluation Of HSA ...........2

     C.  USTC Conducted Fair And Equal Discussions ..............................4

     D.  CGSL's Unequal Evaluation Claims Fail ......................................6

     E.  CGSL Identifies No Error In USTC's Tradeoff Analysis ..............8

     F.  CGSL's Remaining Claims Fail ....................................................10

II.  ARC's Protest Is Without Merit ...........................................................10

     A.  HSA's Proposal Did Not Contain A Misrepresentation ...............10

         1.  Law-Of-The-Case Doctrine Does Not Apply, And USTC Was
             Entitled To Trust The Accuracy Of HSA's Proposal ..............10

         2.  HSA Did Not Make A Misrepresentation ................................11

         3.  ARC Cannot Show Materiality Or Prejudice ..........................12

     B.  ARC's Challenges To USTC's Price Analysis Lack Merit ...........13

     C.  USTC Lawfully And Rationally Evaluated Proposals ..................14

         1.  USTC Rationally Evaluated HSA's Technical Proposal Under SF 1 .......14

         2.  USTC Evaluated SF 3 In Accordance With the RFP .............15

         3.  USTC Rationally Evaluated Technical Proposals Under SF 4 ................16

     D.  USTC Conducted Meaningful And Equal Discussions ................18

     E.  USTC Made A Well-Reasoned Best-Value Determination ...........19

     F.  USTC Rationally Evaluated HSA's Responsibility .......................19

III. Neither Plaintiff Is Entitled To Injunctive Relief ...............................20

CONCLUSION ...............................................................................................20

i

# TABLE OF AUTHORITIES

**Cases**

*Abbey v. United States,*
    124 Fed. Cl. 397 (2015) ................................................................................ 10

*Allied Tech. Grp., Inc. v. United States,*
    649 F.3d 1320 (Fed. Cir. 2011) ............................................................... 10, 11

*AM General, LLC v. United States,*
    115 Fed. Cl. 653 (2014) .............................................................................. 14

*American Relocation Connections, LLC v. United States,*
    147 Fed. Cl. 608 (2020) ................................................................................ 9

*Bannum, Inc. v. United States,*
    175 F.3d 1365 (Fed. Cir. 1999) .................................................................... 10

*Consolidated Edison Co. of N.Y. v. Bodman,*
    203 F. App'x 334 (Fed. Cir. 2006) ............................................................... 10

*DHS v. Regents of California,*
    140 S. Ct. 1891 (2020) .................................................................................. 2

*Dyncorp Int'l v. United States,*
    10 F.4th 1300 (Fed. Cir. 2021) .................................................................. 2, 14

*DZSP 21 LLC v. United States,*
    139 Fed. Cl. 110 (2018) ................................................................................. 1

*E.W. Bliss Co. v. United States,*
    77 F.3d 445 (Fed. Cir. 1996) ...................................................................... 7, 8

*Exxon Corp. v. United States,*
    931 F.2d 874 (Fed. Cir. 1991) ..................................................................... 10

*FCC v. Fox Television Stations, Inc.,*
    556 U.S. 502 (2009) ..................................................................................... 2

*Galen Med. Assoc., Inc. v. United States,*
    369 F.3d 1324 (Fed. Cir. 2004) ..................................................................... 8

*GTA Containers, Inc. v. United States,*
    103 Fed. Cl. 471 (2012) .............................................................................. 13

*Guardian Moving and Storage Co., Inc. v. United States,*
    122 Fed. Cl. 117 (2015) ................................................................ 11

*IBM Corp. v. United States,*
    101 Fed. Cl. 746 (2011) ................................................................ 8

*JWK Int'l Corp. v. United States,*
    279 F.3d 985 (2000) .................................................................... 5

*OAO Corp. v. United States,*
    49 Fed. Cl. 478 (2001) ................................................................ 20

*Overstreet Elec. Co., Inc. v. United States,*
    59 Fed. Cl. 99 (2003) .................................................................. 3

*Per Aarsleff AVS v. United States,*
    829 F.3d 1303 (Fed. Cir. 2016) .................................................. 10

*PGBA, LLC v. United States,*
    398 F.3d 1219 (Fed. Cir. 2004) .................................................. 20

*Plasan N. Am., Inc. v. United States,*
    109 Fed. Cl. 561 (2013) .............................................................. 9

*Poplar Point RBBR, LLC v. United States,*
    147 Fed. Cl. 201 (2020) .......................................................... 7, 15

*Statistica, Inc. v. Christopher,*
    102 F.3d 3d 1577 (Fed. Cir. 1996) ............................................ 13

*Ultra Electronics Ocean Sys., Inc. v. United States,*
    139 Fed. Cl. 517 (2018) .............................................................. 2

*Vertex Aerospace, LLC v. United States,*
    No. 20-700C, 2020 WL 5887750 (Fed. Cl. Sept. 21, 2020) ........ 11

*West Sound Servs. Grp., LLC,*
    B-406583.2, 2013 WL 6247506 (Comp. Gen. July 3, 2013) ........ 19

**Regulations**

48 C.F.R. § 2.101 ........................................................................ 14

FAR § 4.1801 .............................................................................. 20

FAR § 15.306 ............................................................................ 5, 6

FAR § 15.308 ................................................................................................................... 8

FAR § 15.404-1(b)(2) ...................................................................................................... 13

Pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this consolidated reply brief.[1]

## ARGUMENT

I.     **CGSL Has Identified No Reason To Set Aside USTC's Rational Award To HSA**

    A.  **USTC Explained Why It Elected To Perform A New Technical Evaluation**

Contrary to CGSL's assertions, because USTC elected to take corrective action in response to the GAO's decisions finding fault with USTC's prior technical evaluations due in part to its inconsistent evaluation of strengths and recommending a new evaluation and USTC's internal review, it was under no obligation to explain why that corrective action evaluation differed from the prior evaluation. CGSL Reply at 4-8; Tab 143b at AR21227 (notifying offerors of corrective action); Tab 267 at AR38312-38313; Gov. Br. at 5 (citing Tab 118 at AR19473-19477, AR 19481; Tab 133 at AR21012-21014, AR 21018-21019); Tab 258a at 37642-37645; Tab 269.236 at AR 58106.

Requiring USTC to explain every difference from the prior flawed evaluation is inconsistent with conducting a new evaluation – particularly one in which USTC elected to re-train and re-staff portions of the Source Selection Evaluation Board (SSEB) and instructed them not to consider the prior evaluation. Gov. Br. at 5-6; Tab 269.236 at AR58106; Tab 258a at AR37642-37645; Tab 269.63. Notably, the *only* bid protest that CGSL cites is *DZSP 21 LLC v.*

---

[1]  The Global Household Goods contract (GHC) is being procured by the Department of Defense (DoD), United States Transportation Command (USTC). Connected Global Solutions, LLC's (CGSL) reply is referenced as "CGSL Reply," American Roll-On Roll-Off Carrier Group, Inc.'s (ARC) reply is referenced as "ARC Reply," HomeSafe Alliance LLC's (HSA) opening brief is referenced as "HSA Br.," and our opening brief is referenced as "Gov. Br." Citations to the corrected administrative record are signified with the prefix "AR."

*United States*, 139 Fed. Cl. 110, 114 (2018), in which the agency **declined** to empanel a new cost and technical team, which is distinguishable to USTC's corrective action here.

Although not in the context of a corrective action decision, in *DHS v. Regents of California*, 140 S. Ct. 1891, 1907 (2020), the Supreme Court stated that an agency could decide a matter "afresh." Our position does not ignore that USTC must comply with certain procedural requirements to take new action. CGSL Reply at 5-6. Here, in response to the GAO's recommendation and USTC's internal review, USTC elected to perform a new evaluation and informed the offerors. Tab 269.236 at AR58106; Tab 258a at AR37642-37645; Tabs 143a-c.

To the extent that *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009) requires an agency to do more than signify the reasons why it has elected to take new action in the context of a rulemaking or adjudication, this Court has recognized "material differen[ces]" exist between "agency rulemaking and adjudication" and decisions by contracting officers. *Ultra Electronics Ocean Sys., Inc. v. United States*, 139 Fed. Cl. 517, 531 (2018). CGSL attempts to distinguish *Ultra Electronics*, because, here, the Source Selection Authority (SSA) and the parties were the same and USTC did not issue a new RFP. CGSL Reply at 7 n.8. This ignores that after GAO recommended corrective action, in part due to USTC inconsistently assigning strengths, USTC started the post-competitive range technical evaluation from scratch. The SSA also decided to start anew, and the record confirms, and certainly makes it "reasonably discernible," that he did not want any taint from the prior flawed evaluation to affect the new evaluation. Gov. Br. at 7 (citing *Dyncorp Int'l v. United States*, 10 F.4th 1300, 1313-1314 (Fed. Cir. 2021)).

**B.  CGSL Identifies No Error In USTC's Evaluation Of HSA**

We previously established that USTC rationally evaluated HSA's proposal with respect to HSA's (1)                                                            Gov. Br. at 8-12; Tab 267 at AR 38321-38323; Tab 269.159 at AR54890-

2

███████████████████████████████████████████    ████████████████

54893; Tab 200 at AR34568-34569, AR34572-34574, AR34662-34664.  CGSL's reply only

rehashes claims raised in its opening brief in which it impermissibly invited the Court to second

guess USTC's decision-making.  Gov. Br. at 9; *Alabama Aircraft Indus., Inc.-Birmingham v.*

*United States*, 586 F.3d 1372 (Fed. Cir. 2009) (noting that trial court's decision "amounted to an

impermissible substitution of the court's judgment for the agency's").

     Contrary to CGSL's claims, both the Source Selection Advisory Council (SSAC) and the

SSA understood that █████████████████████ involved (1) ████████████████

████████████████████████ – and (2) █████████████████████████

█████████████████████████████████. Gov. Br. at 9-11; Tab

201 at AR34662-34663; Tab 200 at AR34572-34573; CGSL Reply at 9-10.  Also incorrect are

CGSL's claims that ████████████████" in HSA's proposal "cannot be squared with an

██████████████████" because ██████████████ ███████████████

█████████████████████████████████. CGSL

Reply at 20.  Under HSA's approach, however, ██████████████████████

████████████████. It remains a ███████████████████████

████████████████████████.

     With respect to HSA's commitment to SB subcontracting, USTC made no error, much

less a prejudicial error, in its finding that there was no "discernible difference" between the

proposals. Gov. Br. at 11-12; Tab 200 at AR 34568-34569; Tab 267 at AR 38321-38322.

***Under CGSL's own calculations*** (evaluating CGSL's commitment at █████ and HSA's

commitment at █████ a difference of █████) the alleged disparity in the commitment to SBs

versus USTC's calculation (evaluating HSA's commitment at █████ and CGSL's at █████ a

difference of █████ is less than █████. It is highly speculative for CGSL to assume that the

███████████████████████████████████ ██████████████

SSAC, or the SSA, would have found CGSL's alleged advantage of ████ over HSA's commitment to be more advantageous – thereby creating a discernible difference between the two proposals – when USTC did not find HSA's actual advantage of ████ to be more advantageous than CGSL's. Nor is CGSL correct that USTC told offerors that it could not determine the commitment percentage unless ████████████████████████████████. CGSL Reply at 22 (citing Tab 165a2 at AR 24781-24782). USTC merely ███████████████ ████████ it did not ████████████████████. *Id.*

### C. **USTC Conducted Fair And Equal Discussions**

Our opening brief demonstrated that the SSEB resolved all weaknesses and significant weaknesses with CGSL during discussions. Gov. Br. at 12-18; Tab 269.216 at AR56747-56748, AR56768-56769; Tab 200 at AR34572-34574; Tab 201 at AR34654, AR34662-34664; Tab 263 at 38069-38073; Tab 267 at 31316-38320. Also, we showed that the SSAC did not assign weaknesses or significant weaknesses to CGSL's proposal in its comparative analysis; instead, the SSAC comparatively analyzed the proposals and identified areas in which they found HSA's proposal more advantageous. Further, the SSA did not assign weaknesses or significant weaknesses to CGSL's proposal; the SSA conducted a best value determination to determine which offeror presented the best value to the Government. The SSAC's comparative analysis and the SSA's best value determination are both in accordance with the Federal Acquisition Regulation (FAR), DoD Source Selection Procedures (SSP), and the RFP. Gov. Br. at 12-18. Merely because the SSEB concluded that a weakness or significant weakness was resolved does not mean that the SSAC or the SSA had to find the offerors' approaches equivalent. CGSL Reply at 10-14. Nor did it obligate USTC to inform CGSL of areas in which it found HSA's approach more innovative or advantageous. FAR § 15.306(e)(2).

██████████████████████████████████████████████ ████████████████

CGSL repeatedly asserts the flawed claim that USTC permitted HSA – but not CGSL – to resolve all of its weaknesses. CGSL Reply. at 11 n.9, 14. At the conclusion of the technical evaluation, however, ██████████████████████████████████████ ██████████████████. Tab 198 at AR31391, AR31393, AR 31396.

Also, nothing in the record supports CGSL's claim that the SSA equated the ████████ ██████████████████ as a performance failure or significant weakness. CGSL Reply at 10-12. USTC had no expectation that ██████████████████████████████████ ████████████████████████████. Indeed, the SSA acknowledged that CGSL had "at least considered the ████████████████████████████████ ████████████████████████████████████████████ ████████████████████████" Tab 201 at 34662. Contrary to CGSL's assertions, the use of the ██████ ████ indicates only that ████████████████████████████ ████████ CGSL Reply at 12. For HSA, the SSA stated that it would ████████████ ██████████████████████ *Id.* at AR34672. Thus, the SSA understood that ████████ ██████████████████████████████████████under HSA's approach.

CGSL's arguments regarding ████████████████ fare no better. CGSL Reply at 12. CGSL focuses upon the use of the ████ ████████ in our brief to indicate that USTC found a weakness, but ██████████████████████, and, more specifically, it is not found in the definition of weakness or significant weakness. Tab 136 at AR21149. Nor is there merit to CGSL's claims that the ██████████████ ██████████████ was a weakness or significant weakness. CGSL Reply at 13-14. Again, USTC had no expectation that there would be no ████████████████████████. Otherwise, USTC would not have established a ████████████████████████. *E.g.*, Tab 7a6 at AR431-440.



CGSL attempts to make a connection between its approach under SF 2 and ████████ ████████████████████████████████ under Performance Work Statement (PWS) ████.

CGSL Reply at 13. But simply because the SSA mentioned the ████████████████ in evaluating the relative benefits of each offeror's approach under SF 2 does not mean that he found a weakness. If the Court were to hold that USTC found a weakness every time that it concluded that an aspect of another offeror's proposal was slightly better, then USTC would never be able to award a contract because it is always required to pick a winner. Further, CGSL misconstrues the requirement identified in ████ ████ which states that the contractor ████ ████████████████████████████████████████████ ████████████████████████ Tab 7b1 at AR467-468. The requirement is not that there ████████████████████, but rather that the contractor ████████████ USTC had no expectation that ████████████████████████████████████████ ████████████ Nor is there merit to CGSL's claims that USTC assessed a weakness based on General Van Ovost's harm declaration (Van Ovost Dec.). Her declaration was not considered during the award process. CGSL Reply at 13-14.

Finally, CGSL's arguments regarding its ████████████████████ inaccurately interprets both the SSAC's and SSA's reports, which were addressing a *benefit* of HSA's approach. Gov. Br. at 20; Tab 200 at AR 34572, Tab 201 at AR 34664, Tab 267 at AR38320. CGSL cites nothing that would require USTC to address in discussions the benefits of HSA's novel approach. Gov. Br. 20 (citing FAR § 15.306).

### D. **CGSL's Unequal Evaluation Claims Fail**

Nor is there merit to CGSL's claims that USTC inconsistently evaluated the proposals. USTC receives the highest level of deference in evaluating technical merit, and CGSL impermissibly invites the Court to "second guess" the "minutiae of the procurement process."

███████████████████████████████████████████████

Gov. Br. at 21-24 (quoting *E.W. Bliss Co. v. United States*, 77 F.3d 445, 449 (Fed. Cir. 1996)).

We also demonstrated that USTC properly evaluated whether each offeror's approach

demonstrated the requisite approach and understanding, and CGSL's disagreement with USTC's

reasonable determinations do not establish agency error.  Gov. Br. at 21-24; *Poplar Point RBBR,*

*LLC v. United States*, 147 Fed. Cl. 201, 212 (2020).

    CGSL rehashes the flawed claims of disagreement that we have already refuted and do

not address again.  CGSL Reply at 15-19.  For ██████ ██████, CGSL contends that HSA

████████████████████.  *Id.* at 16.  But USTC acknowledged that HSA ████████

██████████████, Tab 198p at AR32170-32171, and still satisfied the requirement.  *Id.*  That

a proposal████████████████ but still met the requirement was not unique to HSA.  For

example, for █████ ██████████████████, CGSL (but not HSA)████████

██████████, but USTC still found no discernible differences between the proposals.  Tab 198j at

AR31729, AR31732, AR31725; Tab 198p at AR32061-32062, AR32065, AR32057-32058; Tab

200 at AR34499-34500, AR34517-34518, AR34479-34481.

    For ████████████, USTC reasonably concluded that CGSL's "typical[]" practice for

████████████████████ under the current program is not a commitment for the GHC contract.

CGSL Reply at 17; Gov. Br. at 23; Tab 200 at AR34551-34552.  Turning to the SF 4,

█████████████████████████ requirement, CGSL again disagrees with USTC's

rational evaluation and cites two programs mentioned in its proposal.  CGSL Reply at 17-18.

But CGSL's self-serving statement that its approach was better does not demonstrate how its

approach and understanding was greater than HomeSafe's.  *Id.* (citing Tab 196a at AR31342).

Finally, for PWS ████████ ██████ there is no merit to CGSL's comparison of USTC's

analysis of CGSL's approach to ██████████████████ and HSA's approach to ████



█ ████ CGSL Reply at 18-19.  USTC did not conclude that HSA presented a ██████

████████████████ based solely on its statement that █████████████████████

████████████████████████ *Id.*  Read in its entirety, it is apparent that there were

several aspects of HSA's ████████████ that reasonably led to USTC's assessment.  Tab

198p at AR32056-32057; Tab 200 at AR34475-34478.

### E.  CGSL Identifies No Error In USTC's Tradeoff Analysis

As previously demonstrated, USTC conducted a rational best value tradeoff – an area in

which it receives significant discretion – that was in accordance with the RFP.  Gov. Br. at 24-

31; *E.W. Bliss*, 77 F.3d at 449.  CGSL's disagreement does not satisfy its "especially heavy"

burden of proving that USTC's decision lacks a rational basis.  *IBM Corp. v. United States*, 101

Fed. Cl. 746, 759 (2011) (cleaned up).

In our opening brief, we explained that HSA and CGSL received identical adjectival

ratings for ██████ and that HSA received *higher* ratings for ██████.  Gov. Br. at 25;

Tab 201 at AR 34654-34655.  We also demonstrated that the FAR, the RFP, and DoD SSP grant

the SSA broad discretion in conducting a tradeoff analysis, including the discretion to award the

contract to a technically superior but higher-priced offeror so long as he adheres to the RFP and

documents his rationale.  Gov. Br. at 26-27 (citing FAR § 15.308, DoD SSP at 34-35, 39, Tab 2c

at AR105).  Further, we refuted CGSL's primary arguments by explaining that: (1) USTC

documented its consideration of CGSL's advantages for ███ including the SSA's recognition of

CGSL's advantages regarding the ██████████████████████ (Tab 201 at

AR34657-34658), (2) CGSL *significantly overstated* its superiority for ███ – an advantage in

only ███ *of 11 requirements*, (3) the number of strengths assigned is not dispositive in a best

value tradeoff, and (4) the SSA explained his rationale for focusing on areas having discernible

differences between the proposals that added value to the Government, and was under no obligation to adopt CGSL's preferred approach.   Gov. Br. at 25-28.

CGSL's real disagreement is with the degree of discretion that was afforded to USTC in conducting its tradeoff analysis.  *Id.* at 1-3, 23-24.  The SSA's conclusion regarding the relative impact of the offerors' approaches did not create a new weighing scheme.  Instead, it constituted an overall observation about the benefits to the Government in strict accordance with the RFP. *American Relocation Connections, LLC v. United States*, 147 Fed. Cl. 608, 618-19 (2020).  It is within the SSA's broad discretion in conducting a best value tradeoff to find that "the awardee's superiority in one equally-weighted [SF] outweighed the plaintiff's superiority in another [SF]." *Id.* at 619 (citing *Plasan N. Am., Inc. v. United States*, 109 Fed. Cl. 561, 577 (2013)).  Although CGSL disagrees with the way USTC compared the "equally-weighted" SFs, the SSA fulfilled his obligation to ascertain whether the offerors' "unique strengths warranted the premium represented by its higher-priced proposal."  *Plasan*, 109 Fed. Cl. at 577-78 (cleaned up).

Finally, there is no merit to CGSL's assertion that the SSA's decision lacked an explanation regarding why he found HomeSafe's proposal worth the ███ % difference in price. CGSL Reply at 23-24.  First, under the RFP, price was not equally weighted to technical merit but was only "approximately" equal. Tab 201 at AR34655; Tab 136 at AR 21148.  Further, the SSA repeatedly detailed the benefits of HSA's proposal. Tab 201.  CGSL's argument is also belied by its arguments in which it identifies areas of disagreement with the aspects of HSA's proposal that the SSA concluded were more valuable to the Government.  CGSL Reply at 1-4, 23-24.

### F.  CGSL's Remaining Claims Fail

CGSL demonstrates no error, much less a prejudicial error that, if rectified, would result

in a "substantial chance" that CGSL would have received the contract. *Bannum, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed. Cir. 1999). This is particularly true given USTC's conclusion that HSA's "superior technical capability ▮▮▮▮ outweighs the minimal cost difference." Tab 201 at AR34673. Nor has CGSL established that USTC breached its duty to treat offerors fairly or explained why this claim is not duplicative of its other claims.

## II.    ARC's Protest Is Without Merit

### A.    HSA's Proposal Did Not Contain A Misrepresentation

#### 1.    Law-Of-The-Case Doctrine Does Not Apply, And USTC Was Entitled To Trust The Accuracy Of HSA's Proposal

USTC was entitled to trust the accuracy of HSA's technical proposal. Gov. Br. at 31-33 (citing, *inter alia*, *Allied Tech. Grp., Inc. v. United States*, 649 F.3d 1320 (Fed. Cir. 2011); *Per Aarsleff AVS v. United States*, 829 F.3d 1303 (Fed. Cir. 2016)). ARC erroneously contends that if the Court were to follow Federal Circuit precedent, this "entire case" would "unravel" and that the Court must apply the "law-of-the-case" doctrine. ARC Reply at 2. Neither claim has merit.

The law-of-the-case doctrine is applied to prevent re-litigation of issues already decided. *Abbey v. United States*, 124 Fed. Cl. 397, 407 (2015). Law-of-the-case is not established as to issues not actually decided by a court. *Consolidated Edison Co. of N.Y. v. Bodman*, 203 F. App'x 334, 336 (Fed. Cir. 2006) (citing *Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed. Cir. 1991)). Here, the parties did not litigate whether USTC was entitled to trust the accuracy of HSA's proposal. Rather, the parties litigated ARC's right to discovery and to supplement the AR. We are not re-litigating those issues. We are litigating whether USTC was entitled to trust the accuracy of HSA's proposal. Thus, "law of the case" does not apply.

ARC erroneously argues that if the Court follows the Federal Circuit's precedent in *Allied Technology,* it will upend the law regarding misrepresentation. The Federal Circuit and

██████████████████            ████████████████████

this Court have held that a procuring agency is entitled to rely on an offeror's representations regarding its technical capabilities. Gov. Br. at 32-33 (citing cases). But *Allied* controls, and *Allied* and its progeny establish that USTC was entitled to rely on HSA's representations if there was nothing in HSA's proposal that should have led USTC to conclude that HSA could not meet the RFP's technical requirements.[2] ARC does not argue here, nor did it at GAO, that HSA's proposal should have led USTC to conclude that ████ had not achieved Federal Risk and Authorization Management Program (FedRAMP) High compliance. Thus, even if HSA's proposal contained a technical inaccuracy, under *Allied* it is an issue of contract administration.

### 2.  **HSA Did Not Make A Misrepresentation**

HSA did not make any misrepresentations in its proposal. Gov. Br. at 33-37. ARC argues that ████ DoD Impact Level (IL) 4 provisional authorization cannot establish that ████ has achieved FedRAMP High compliance because DoD's Cloud Computing Security Requirements Guide (SRG) advises against referring to a FedRAMP Low (L), Moderate (M), or High (H) Provisional Authority to Operate (P-ATO) as having any association with a DoD IL. ARC Reply at 6.

The DoD Security Requirements Guide (SRG) that ARC cites, however, is not the relevant DoD SRG. USTC awarded the GHC contract in November 2021, and ARC cites the DoD SRG released in January 2022. The key statement that ARC relies on – "Do not refer to a FedRAMP L, M, or H P-ATO as having any association with a DoD IL" – does not appear in the

---

[2] *See, e.g., Guardian Moving and Storage Co., Inc. v. United States*, 122 Fed. Cl. 117, 138-39 (2015) ("'[I]f the agency accepts a proposal based on a misleading representation, the dispute is solely between the agency and the awardee' as a matter of contract administration.") (citation omitted); *Vertex Aerospace, LLC v. United States*, No. 20-700C, 2020 WL 5887750, at *7 (Fed. Cl. Sept. 21, 2020) (same).

relevant DoD SRG.[3]  In addition, with respect to the DoD Cloud's baseline objectives, the relevant DoD SRG (Version 3) states at page 24, "[I]t is expected that the Mission Owner *will assess* the [Cloud Service Offering's]'s stated *availability rating(s)* during [Cloud Service Provider] selection.  Any specific or additional availability requirements must be included in the contract or a service level agreement with the CSO.  Mission Owners must ensure the language is specific and inclusive for their required availability." *Id.* (emphasis added).  Thus, ██████ successful implementation of the heightened security controls in achieving DoD IL 4 authorization supports the statements in HSA's proposal.

### 3.  ARC Cannot Show Materiality Or Prejudice

ARC cannot show materiality with respect to HSA's alleged misrepresentation because the ████ system's FedRAMP level was not dispositive in the SSA's analysis, and ARC cannot show prejudice because its assertion that ██████████████ would require a new tradeoff analysis is speculative and unlikely.  Gov. Br. at 37-38.  ARC misconstrues the Government's position and does not present any new arguments showing prejudice.  Rather, ARC merely disagrees with USTC's evaluation providing only speculation and conjecture.

To show a material misrepresentation, ARC must show that USTC relied on the alleged misrepresentation.  The SSA, however, did not find ████ FedRAMP level dispositive in his best value determination.  Gov. Br. at 37-38.  ARC erroneously contends that we "concede" that USTC relied on HSA's proposal, but ARC mischaracterizes our position.  ARC Reply at 9 (citing Gov. Br. at 41).

---

[3]  As stated in our opening brief, version 4 of this document is currently publicly available on the Government website listed above and went into effect in January 2022.  Version 3, which was in effect when the contract was awarded is no longer publicly available.  Version 3 can be accessed at this non-Government website:  https://rmf.org/wp-content/uploads/2018/05/Cloud_Computing_SRG_v1r3.pdf.

We did not concede that USTC substantively relied on HSA's representations regarding ███ FedRAMP level.  ARC cites to our argument that USTC was entitled to facially trust the accuracy of HSA's proposal when there was nothing that should have led USTC to conclude that there were any inaccuracies.  ARC does not dispute that ███ FedRAMP level was not dispositive in the SSA's best-value determination.

Second, ARC argues it has shown prejudice because USTC would need to make a tradeoff between ARC's proposal and CGSL's potential cost savings.  ARC Reply at 11.  But ARC's argument piles speculation on speculation.  ARC first speculates that the SSAC and SSA would determine CGSL's lower-priced and lower-rated proposal more advantageous than HSA's for ARC to be ████████████.  Then ARC speculates that the SSAC and SSA would have had to determine that ARC's substantially higher-priced proposal was more advantageous than CGSL's.  Despite any alleged technical superiority, ARC's price was still substantially higher than CGSL's.  Thus, all of ARC's speculation cannot establish prejudice.  *Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1581 (Fed. Cir. 1996).

### B.  ARC's Challenges To USTC's Price Analysis Lack Merit

USTC conducted a price reasonableness analysis under FAR § 15.404-1(b)(2), which calls for a "comparison of proposed prices received in response to the solicitation" which "normally . . . establishes a fair and reasonable price."  Gov. Br. at 39-41.  USTC compared the prices of all ███ commercial GHC offerors.  USTC rationally found HSA, CGSL, and ARC submitted reasonable prices based on a detailed comparison, per FAR § 15.404-1(b)(2)(i) and determined that recalculating the Total Evaluated Price (TEP) threshold would have resulted in nonsensible outcomes.  Gov. Br. at 40.  Thus, USTC was reasonable in its use of the proposed prices to calculate fair and reasonable thresholds.  *See DynCorp.*, 10 F.4th at 1311.

13

████████████████████████████████████████████████████
██████████████████████

Moreover, ARC did not suffer prejudice resulting from USTC's price reasonableness analysis. Gov. Br. at 41-42. ARC's contention that it could have made its price proposal ████ ████████ is speculation. ARC's TEP was more than $███████ more than HSA's. Tab 199 at AR32458. But both the SSAC and SSA determined that ARC and HSA had roughly equivalent technical proposals. Tab 201 at AR34655. Further, ARC misconstrues our argument. For ARC to ████████, ████████████████ would also ██████████. FAR Part 2 defines pricing as the process of establishing a reasonable amount or amounts to be paid for supplies or services. 48 C.F.R. § 2.101. ARC cannot argue that its price was not connected to its offered technical capabilities.

Despite record evidence to the contrary, *see* Tab 214 at AR 35367 (ARC ████████ ████████████████████████████████████████████████), ARC contends that it could have ██████████. ARC Reply at 15. In support, ARC cites only to speculative legal argument it made at GAO. *Id.* Thus, ARC's speculative assertions are not enough to establish prejudice. *AM General, LLC v. United States*, 115 Fed. Cl. 653, 679 (2014).

### C. USTC Lawfully And Rationally Evaluated Proposals

#### 1. USTC Rationally Evaluated HSA's Technical Proposal Under SF 1

ARC repeats its contentions that USTC's evaluation of HSA's proposal under SF 1 was flawed. *See* ARC Reply at 17-18. With respect to ██████████ ARC alleges that HSA's proposal ████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████ *Id.* at 18. HSA's proposal stated that it would "comply with ██ ████████████████ Tab 178b at AR28101. It logically flows that compliance with ████████████████████████████████████

14

███████████████████████████████████████████████████

████████████████████. Gov. Br. at 44-45. It was rational for USTC to

find that HSA's proposal ███████████. ARC's disagreement does not render USTC's

evaluation irrational. *Poplar Point RBBR,* 147 Fed. Cl. at 212.

ARC also again misstates the scope of ██████ █████ by incorrectly asserting there is a

requirement to ████████████████████████████████ ARC Reply

at 18. The plain language requires only that █████████████████████████

████████████████. Gov. Br. at 45; Tab 134b1 at AR21083.

ARC repeats its contention that, with respect to █████████████, HSA was required

████████████████████████████████. ARC Reply at

18. The SSEB, however, determined it was unnecessary for HSA ███████████████

██████████████. Gov. Br. at 45; Tab 198p at AR32069. Again, ARC's

disagreement does not render the evaluation irrational. *Poplar Point RBBR*, 147 Fed. Cl. at 212.

### 2.  USTC Evaluated SF 3 In Accordance With the RFP

ARC argues that USTC departed from the RFP with respect to SF 3 because USTC did

not "qualitatively" evaluate ███████████. ARC Reply at 19-20.

To prevail on its allegation that USTC departed from the stated evaluation criteria, ARC

must show that USTC used a "significantly different basis in evaluated proposals than stated"

and that ARC was prejudiced as a result. Gov. Br. at 46. The AR, however, shows that USTC

appropriately evaluated ████████████ ████████████████ but determined

that ████████████ was not advantageous to the Government. Gov. Br. at 46-47.

The RFP's use of the ████ ███████ does not mean or imply that ███████████

would be beneficial to the Government or evaluated that way. Gov. Br. at 48. ARC reads into

████████ an evaluation criterion where none exists. The RFP ████ ███████ for ██████████;

it does not instruct offerors that █████████████ would result in a more favorable evaluation.

15

██████████████████████████████████████████████████
███████████████████

With respect to ARC's charge that USTC did not "qualitatively" ███████

█████████, ARC Reply at 19, ARC does not explain how USTC failed to do so.  USTC

evaluated the ██████████████████████ in the same manner as all other technical SFs.

The SSEB considered each offeror's approach and understanding of the requirements and then

considered whether aspects of the offeror's proposals warranted the assignment of a strength.

*See, e.g.,* Tab 198 at AR31386-31402.  The absence of any documented ████████████

████████████████████ ████████████ findings in the proposals does not mean USTC failed

to conduct the appropriate evaluation.  It simply means ████████████████████████

████████████████████████████████████████████████████████

████████.

For example, for ██ of 38 SF 1 requirements █████████████████████████

█████; for ██ of 5 SF 2 requirements ███████████████████████; for ██ of the

2 SF 3 requirements ███████████████████; and for ██ of the 16 SF 4

requirements █████████████████.  Tabs 198c, 198d, 198e, 198f, 198j,

198k, 198l, 198m, 198p, 198q, 198r, and 198s.

### 3.  USTC Rationally Evaluated Technical Proposals Under SF 4

There is no merit to ARC's claim that USTC unequally treated its proposal vis-à-vis

HSA's with respect to SF 4.  USTC receives the highest level of deference in evaluating

technical merit and ARC simply disagrees with USTC's subjective evaluation.  *See* Gov. Br. at

21-24; 48-52.

First, with respect to ████████████████████, ARC argues that HSA's

proposal █████████████████████████████████ *Id.* at 21.  ARC

argues that HSA's statement that █████████████████████" undermines the

████████████████████████████████████████████████████
████████████████████████████

Government's position because the ████████████████ ████████████████████

████ *Id.*

The relevant portion of HSA's proposal states, ████████████████████████

████████████████████████████████████████████████████

████" Tab 178b at AR28161. It was reasonable for USTC to conclude that ████████

████████████████████████████████████████████████████████

████. Tab 268.427 at AR50455 (Section III); Gov. Br. at 49. Indeed, ARC's interpretation that

the DoD ████████████████████████████████

demonstrates how ARC is grasping at straws – it is illogical that the Government would ████

████████████████████████████  ████████████  ████████████.

Moreover, USTC was entitled to rely on the statements in HSA's proposal regarding ████

████████████████. *See* Gov. Br. at 31-33.

Second, despite having distinguishable proposals, ARC still argues that the Government

unequally treated its proposal with respect to ████████████████████████. ARC

asserts that the Government argues "a technicality," but in doing so concedes that its proposal, in

fact, did not mention the use of ████████████████████████████████████

*See* ARC Reply at 22.

Under the RFP, ████████████████████████████████████████

████████████████████████████████████████████████

████████████. Tab 16 at AR21149. An Evaluation Notice (EN) is not part of an offeror's

proposal, and ARC was notified that USTC was unable to evaluate any approach that was not in

its written proposal. Tab 164a2 at AR24361. Thus, it would have been improper for USTC to

████████████████ for mentioning ████████████ only in an EN response. Thus, ARC

█████████████████████████████████████████████████████
██████████████████████████

cannot establish it was subjected to disparate treatment.

Finally, ARC asserts that USTC unequally treated its proposal vis-à-vis HSA's with

respect to ███████████████████████████. ARC Reply at 22. In its reply, ARC simply

makes a conclusory statement that USTC "all but concedes it departed from the stated evaluation

criteria." ARC Reply at 22. USTC did no such thing.



████████ specifically states ███████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████ Tab134b1

at AR21096. Thus, from the requirement's plain language ARC knew, or should have known,

that ███████████████ applied █████████████████. Further, in response to the EN

pertaining to ████████████, ARC revised its proposal and stated, ████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████" Tab177a at AR27817.

Thus, ARC's response and proposal revisions show that it understood ██████████████████

████████, █████████████, and ARC's approach was its way of trying to improve upon

the requirement. ARC's business decision to ████████████████████████████████

████████████ does not make USTC's SF 4 evaluation unreasonable.

### D. USTC Conducted Meaningful And Equal Discussions

ARC rehashes its flawed claim that USTC conducted unequal and misleading discussions

with ARC because USTC failed to inform ARC of purported "concerns" – not "weaknesses" – in

ARC's technical proposal and because USTC identified some but not all areas of ARC's

approach that it evaluated as being ████████. ARC Reply at 22-24. We addressed ARC's claims

at length in our opening brief, and do not address them again.  *See* Gov. Br. at 52-55.

ARC cites to *West Sound Servs. Grp., LLC*, B-406583.2, 2013 WL 6247506 (Comp. Gen. July 3, 2013) for the proposition that USTC was required to re-open discussions with ARC to address USTC's "concerns" (not weaknesses) with ARC's proposal.  But *West Sound* is factually distinguishable and inapposite.  In *West Sound*, the agency identified "***significant weaknesses***" in West's proposal but did not fully address those "significant weaknesses" in its discussions with West, which misled the offeror.  2013 WL 6247506 at *6-7.  Here, as discussed, USTC did not identify the issues ARC complains of as weaknesses.  Thus, *West Sound* does not help ARC.

ARC also repeats its complaint that USTC identified some but not all areas of ARC's approach that it evaluated as being ▮▮▮▮▮▮▮  USTC was simply advising ARC of areas in which ARC ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Gov. Br. at 54-55.  ARC's decision to focus its resources on those sections to obtain more strengths reflects ARC's business judgment, not flawed discussions.

### E.  USTC Made A Well-Reasoned Best-Value Determination

ARC argues that USTC's best-value decision is flawed because of how USTC conducted its comparative analysis of technical SFs.  ARC Br. at 33-34; ARC Reply at 25.  As explained in our opening brief, ARC's disagreement with the way USTC conducted its tradeoff analysis does not establish USTC's analysis lacked a rational basis.  Gov. Br. at 25 and 56.

### F.  USTC Rationally Evaluated HSA's Responsibility

ARC asserts that USTC did not perform a rational responsibility determination.  ARC Reply at 25-27.  ARC originally argued that the Contracting Officer (CO) "wrongly stated that Sun Capital Partners is not a principal of HomeSafe," citing FAR § 4.1801.  ARC Br. at 37.

ARC now abandons that argument and focuses on purported "national security" concerns, arguing the CO ignored the Exiger report.

The AR shows that the CO considered the Exiger reports. Tab 204 at AR34716 (citing the Exiger reports (AR Tabs 204c and 204d)). Further, this is not a classified contract. There is no identified risk relating to HSA's ownership. Gov. Br. at 56-58; Tab 134b1 at AR21077.

## III. Neither Plaintiff Is Entitled To Injunctive Relief

Neither plaintiff has established that any of the injunctive relief factors weigh in their favor. Gov. Br. at 58-61. Both protestors claim irreparable harm based on an inability to compete, but under those arguments irreparable harm would occur in *every* bid protest, which is not the law. Gov. Br. at 59 (citing *OAO Corp. v. United States*, 49 Fed. Cl. 478, 480 (2001)). Nor is there merit to the protestors' reliance on public testimony to discount our harm declaration. In her declaration, General Van Ovost acknowledged the survey ratings, but also highlighted the significant dissatisfaction with the existing Defense Personal Property Program (DP3) that Congress and service members have expressed and the demand for reform. Van Ovost De. at ¶¶ 3b, 6. Her declaration details how GHC will address or resolve problems with DP3 and reduce stress to DoD personnel who are required to move. *Id.* at ¶¶ 3, 9; *see also PGBA, LLC v. United States*, 60 Fed. Cl. 196, 221-22 (2004) (declining to enjoin a contract to process certain service members' beneficiaries' health insurance claims), *aff'd* 398 F.3d 1219 (Fed. Cir. 2004). Merely because the Government is proactively trying to improve DP3 does not undermine the harm to the Government if GHC is enjoined.

## CONCLUSION

We respectfully request that the Court grant judgment in the Government's favor.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Assistant Director

s/Elizabeth Anne Speck
ELIZABETH ANNE SPECK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 307-0369
Facsimile:  (202) 514-7965

OF COUNSEL:
MILES K. KARSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Dated:  August 11, 2022

Attorneys for Defendant

OF COUNSEL:

ERIKA WHELAN RETTA
Chief, Bid Protests
AARON WEAVER
Trial Attorney
Commercial Litigation Field Support Center,
The Judge Advocate General's Corps,
United States Air Force
1500 W Perimeter Road, Ste 4100
Joint Base Andrews, MD 20762

Of Counsel:
ROBERT J. DEPKE
TODD P. FEDERICI
ADAM J. KOUDELKA
PETER B. RIES
Attorney-Advisors
Office of the Staff Judge Advocate
United States Transportation Command