# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| CONNECTED GLOBAL SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>and<br><br>AMERICAN ROLL-ON ROLL-OFF<br>CARRIER GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>HOMESAFE ALLIANCE, LLC,<br><br>Defendant-Intervenor. | **Redacted Version 9.8.2022**<br><br><br>No. 22-292C<br>(Judge Tapp) |

## DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ▮▮▮▮

Pursuant to Rules 7 and 52.1 of the Rules of the United States Court of Federal Claims (RCFC), defendant the United States, respectfully requests that the Court strike paragraphs 3-17 of the declaration of ▮▮▮▮ (▮▮▮ Declaration) (ECF No. 78-1) that plaintiff, American Roll-On Roll-Off Carrier Group Inc. (ARC), submitted with its combined response to defendant's cross-motion for judgment on the administrative record and reply in support of its motion for judgment on the administrative record (ECF No. 78) (ARC's Reply). Further, because paragraphs 3-17 of the ▮▮▮ Declaration should be stricken from the record, we

respectfully request that the Court strike or disregard any references to paragraphs 3-17 of the ▇▇▇ Declaration from ARC's Reply.[1]

## ARGUMENT

ARC's Reply attached the ▇▇▇ Declaration but did not include a motion to supplement the administrative record or any other explanation for the reasons why the ▇▇▇ Declaration is properly before the Court. ARC may have omitted this step because ARC attempts to introduce the declaration to address the merits of the parties' arguments. To the extent that ARC attempts to supplement the administrative record with the ▇▇▇ Declaration, ARC has not established that the Court cannot conduct "effective judicial review" without the declaration. *See AgustaWestland North America, Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (quoting *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009) (*Axiom*).

We, therefore, respectfully request that the Court strike the ▇▇▇ Declaration. *See Hi-Tech Bed Sys., Corp. v. United States*, 97 Fed. Cl. 349, 352 (2011) (granting the Government's motion to strike post-award affidavits created by protestor); *FirstLine Transp. Sec., Inc. v. United States*, 100 Fed. Cl. 359, 371 (2011) (denying plaintiff's motion to supplement and granting Government's motion to strike).

### I. *Axiom* And The Prohibition Against Extra-Record Materials

The Federal Circuit has made clear that the prohibition against considering extra-record evidence when conducting review under the Administrative Procedure Act (APA), 5 U.S.C.

---

[1] We do not object to paragraphs 1-2 and 18 of the declaration, which address ▇▇▇ qualifications and the harm to ARC if the Court does not issue a permanent injunction. Given that most of the declaration is an impermissible attempt to supplement the administrative record, however, we submit that the current declaration should be struck from the record and that ARC be permitted to re-file those paragraphs as a new declaration.

§ 706 applies to both extra-record documents as well as declarations created for the purposes of litigation. In *Axiom Resource Management, Incorporated v. United States*, the protestor presented arguments based upon statements made in the declarations of four company employees and consultants. *Axiom Res. Mgmt., Inc. v. United States*, 78 Fed. Cl. 576, 585-86 (2007) (*Axiom I*). These declarations included statements of fact and opinion expressing the declarants': (1) views on how agency components functioned and interacted; (2) projections of future events; and (3) opinions regarding why they believed the contracting agency erred in its judgment. *See, e.g., id.* at 591 (consultants opining upon the consequences that would attend the contract being administered by the winning bidder); 596-97 (consultants disagreed with the agency on how the contract would be administered); 597-98 (consultants disagreed with the agency's assessment that the Organizational Conflict of Interest at issue was adequately mitigated); *see also Axiom Res. Mgmt., Inc. v. United States*, 80 Fed. Cl. 530, 538 (2007) (*Axiom II*) (same). Over the Government's objection, the trial court relied upon these declarations in its opinions, and based upon this information, enjoined the contract award. *See Axiom I*, 78 Fed. Cl. at 599-600; *Axiom II*, 80 Fed. Cl. at 538-39 (adopting consultants' understanding of the manner in which the contract would be administered).

The Government appealed, establishing, among other things, that the trial court in that case "violated established principles of administrative law by permitting Axiom to supplement the record with affidavits created for litigation and then extensively relying on those affidavits to support its decision." *Axiom*, 564 F.3d at 1378. The Federal Circuit agreed, explaining that "the trial court abused its discretion in th[e] case by adding Axiom's documents to the record without evaluating whether the record before the agency was sufficient to permit meaningful judicial review." *Id.* at 1380. Moreover, the Federal Circuit confirmed that, in a bid protest, this Court's

3

review should be focused upon "the administrative record already in existence, not some new record made initially in the reviewing court." *Id.* at 1379 (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  As to the merits, the Federal Circuit held that this Court erred by relying upon information that was not before the contracting agency during the procurement process and reversed the decision below.  *Id.* at 1383.  This Court has subsequently interpreted the Federal Circuit's decision in *Axiom* as "restrictive" and has not permitted supplementation of the administrative record unless meaningful judicial review is not permitted under the existing record.  *AgustaWestland North America, Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018); *FirstLine*, 100 Fed. Cl. at 371; *see also Terry v. United States*, 96 Fed. Cl. 156, 167 (2010) (denying motion to supplement because "the existing record permit[ted] the court to conduct a meaningful review of [the agency's] actions").

II.   **The ▮▮▮▮ Declaration Is Not Properly Before The Court**

By submitting the ▮▮▮▮ Declaration with ARC's Reply, ARC seeks to introduce into this proceeding purported facts outside of the administrative record, and, consequently, that are irrelevant to the Court's APA review.  In his declaration, ▮▮▮▮▮▮▮ makes numerous conjectural statements regarding what ARC might have done during the bidding process had it had different information and, knowing what it knows now, how ARC might change its price and technical proposals if the contract were to be re-solicited.  Further, ▮▮▮▮▮▮ declaration was created solely for the purpose of this litigation and was not considered by the Government when it made its decision being challenged here.

ARC has not attempted to meet its burden of establishing that the record before the agency is insufficient and does not "permit meaningful judicial review." *Axiom*, 564 F.3d at 1380.  Consequently, the Court should not consider the ▮▮▮▮ Declaration attached to ARC's

4

Reply.  In *AgustaWestland*, the Federal Circuit reiterated that courts should not supplement the administrative record with additional materials if the offering party cannot establish how "effective judicial review" is precluded based on the existing record.  *AgustaWesland*, 880 F.3d at 1331-32.  Here, ARC has offered no explanation or rationale as to any legal authority that permits the Court to consider the ▓▓▓ Declaration.  ARC's failure to do so precludes the Court from considering it.  Similarly, ARC has cited no other authority suggesting that its declaration is properly before this Court.

Further, the Court should not supplement the administrative record with the ▓▓▓ Declaration because it contains opinion testimony second guessing the agency's evaluation of ARC's proposal.  *See Allied Tech. Grp., Inc. v. United States*, 92 Fed. Cl. 226, 231 (2010).  It is inappropriate to supplement the administrative record with documents that "proffer facts that substitute plaintiff's opinion for the [agency's] technical determinations[.]"  *Rhinocorps Ltd. Co. v. United States*, 87 Fed. Cl. 261, 282 (2009).  Declarations "re-arguing the merits of [the agency's] award decision" are "prototypical of the kind of extra-record evidence against which the court must guard, lest it 'convert the 'arbitrary and capricious' standard into effectively *de novo* review.'"  *PlanetSpace, Inc. v. United States*, 90 Fed. Cl. 1, 6 (2009) (quoting *Axiom*, 564 F.3d at 1380).

Here, the ▓▓▓ Declaration expresses disagreement with the agency's evaluation of ARC's proposal.  *E.g.,* ▓▓▓ Declaration ¶ 13 ("I also understand that USTRANSCOM found no discernible difference in offerors' ▓▓▓▓▓ even though ARC reduced risk to USTRANSCOM in its proposal . . . ."); ¶ 11 ("Rather than focusing on strengths that would ultimately be incorporated into the GHC contract, as it had in the prior evaluations, USTRANSCOM conducted a bifurcated technical evaluation . . . .").  This Court's role is to

5

determine whether ARC's technical evaluation was arbitrary and capricious based upon the information before the agency at the time of the evaluation. *See, e.g., Axiom*, 564 F.3d 1379-80. The *post hoc* opinions of ARC personnel about this evaluation "have no bearing on the technical team's evaluation of [ARC's] proposal." *Software Eng'g Servs Corp. v. United States*, 85 Fed. Cl. 547, 553 (2009). Accordingly, ARC's opinions are not necessary for effective judicial review and ARC's declaration should be stricken.

As noted above, we do not object to the inclusion of paragraphs 1, 2, and 18 of the ▇▇▇ Declaration as part of the Court's record because the information concerns the purported harm to ARC if an injunction does not issue. *See AshBritt, Inc. v. United States*, 87 Fed. Cl. 344, 366-67 (2009). The Court may consider such declarations without supplementing the administrative record. *Id.* We do object, however, to the Court's consideration of the remaining paragraphs either as part of the Court's record or the administrative record.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court strike the ▇▇▇ Declaration that ARC submitted with its reply and strike or disregard any arguments that reference the declaration in ARC's Reply.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA MCCARTHY
Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Assistant Director

s/Elizabeth Anne Speck

OF COUNSEL:

ELIZABETH ANNE SPECK
Senior Trial Counsel
Commercial Litigation Branch

ERIKA WHELAN RETTA
Chief, Bid Protests
AARON WEAVER
Trial Attorney
Commercial Litigation Field Support Center,
The Judge Advocate General's Corps,
United States Air Force
1500 W Perimeter Road, Ste 4100
Joint Base Andrews, MD 20762

Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 307-0369
Facsimile:  (202) 514-7965

OF COUNSEL:

Of Counsel:
ROBERT J. DEPKE
TODD P. FEDERICI
ADAM J. KOUDELKA
PETER B. RIES
Attorney-Advisors
Office of the Staff Judge Advocate
United States Transportation Command

MILES K. KARSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Dated:  August 11, 2022

Attorneys for Defendant